Clark Garen SBN 50564
Kevin Kump, SBN 134043
LAW OFFICES OF CLARK GAREN
(salaried employees of TBSC)
6700 S. Centinela Avenue, Third Floor
Culver City, CA 90230
(310) 391-0800 Fax: (310) 636-4771

Attorney for Defendants,
The Law Offices of Clark Garen and The Best Service Co., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO GODINEZ , on behalf of himself and others similarly situated, | ) Case No.: 8:16-cv-00828-CJC-DFM<br>)<br>) |
| Plaintiff, | ) DEFENDANTS' MEMORANDUM OF<br>) POINTS AND AUTHORITIES IN<br>) OPPOSITION TO PLAINTIFF'S MOTION<br>) FOR EXTENSION OF CLASS<br>) CERTIFICATION DEADLINE<br>)<br>) |
| vs. | ) Honorable Judge Cormac J. Carney<br>) |
| LAW OFFICES OF CLARK GAREN; and THE BEST SERVICE CO., INC., | )<br>) Motion Hearing:  September 12, 2016<br>) |
| Defendants. | )<br>) |

TO THE COURT AND ALL PARTIES AND ATTORNEYS OF

RECORD:

Defendants, Law Office of Clark Garen ("LAW OFFICE") and The Best

Service Co., Inc. ("TBSC"), come forth and submit the following memorandum of

points and authorities in opposition to Plaintiff's Motion For Extension of Class

Certification Deadline.

The opposition will be based on the grounds that Plaintiff has failed to set

forth facts to justify the delay, has failed to show good cause therefore, and that

Plaintiff has long been in possession of facts proving this case is not amenable to

class certification. As such, the time and expense involved in seeking class

certification is unwarranted and unnecessary.

Dated: 8/18/2106                          LAW OFFICES OF CLARK GAREN


___/s/_____Kevin Kump_____
By:  Kevin Kump
      Attorneys for Defendants

## MEMORANDUM OF POINT AND AUTHORITIES

## I.    INTRODUCTION

The Complaint in this action was filed on May 3, 2016, and served on TBSC and the LAW OFFICE on May 9 and May 13, respectively.  Pursuant to the Local Rules of the Central District, Local Rule 23-3, the deadline for Plaintiff to file his motion for class certification was August 8, 2016, which under Rule 23-3 is "within 90 days after service of a pleading".

The allegations in Plaintiff's Complaint [Doc #1] are straightforward and uncomplicated. In short, the Complaint alleges that the debt collector, TBSC did not mail an initial Validation Letter as required by 15 USC Section 1692g; that TBSC's in-house legal department, The Law Offices of Clark Garen, is a subsequent debt collector and must send its own debt validation letter; and that TBSC was required to disclose a complicated analysis on accruing interest when corresponding to debtors.

On June 14, 2016, in the interest of full transparency, Defendants served their Initial Disclosures on Plaintiff, which included proof of the debt, account histories, account notes and copies of all correspondence. The initial disclosures and the Answer [Doc #16] filed herein clearly explained that an initial debt validation letter was, in fact, sent to Plaintiff, but it failed to include an apartment number on the envelope – causing the US Post Office to return the envelope as

"unable to forward".  This was due to no fault of TBSC because the address contained on the Loan Agreement signed by Plaintiff also lacked an apartment number. The Answer also admitted that it is TBSC's policy and practice to re-issue the validation letter when they learn of an incorrect address. The return mail was noted in Plaintiff's account and the correct address updated, but the TBSC employee neglected to re-issue the validation letter to the correct address before additional collection letters were generated. Even though TBSC believes that the initial validation letter satisfied §1692g because it was sent to Plaintiff's last known address, Defendant elected to send Plaintiff a formal *Offer of Judgment*. The *Offer* included payment of $2,000, plus reasonable attorney's fees and was intended to end this litigation involving a <u>single</u> alleged error involving this Plaintiff's validation letter.

## II.    ARGUMENT

### A. The failed delivery of the validation letter was a one-time event meaning there is no numerosity, commonality or typicality required for class certification.

As set forth in the Defendant's Answer, the initial validation letter was mailed but returned by the post office. It is the policy and process of TBSC to mail debt validation letters in all new collection assignments. Unfortunately, despite policies in place to re-issue a letter, a TBSC associate neglected to re-issue the validation letter to the new address.  This is a "one-time" mistake that does not

involve numerous debtors with a typical or common fact scenario. Plaintiff's belief that TBSC systematically failed to mail the initial validation letter is simply untrue and unfounded. Thus, a class couldn't possibly be certified in this case.

## B. TBSC's actions are protected by the bona fide error defense of 11 USC §1692K(c)

Even if the Court finds that TBSC is liable for Plaintiff not receiving a validation letter, TBSC is protected by the bona fide error defense of  11 USC §1692K(c), which states:  "A debt collector may not be held liable in any action brought under this title …if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

Based upon Defendants' Answer, TBSC maintains policies and procedures to insure that debtors receive their debt validation letters.  When Plaintiff's correct address was learned, the TBSC associate should have re-issued the validation letter to the new address, but despite the standard policy, neglected to do so.  This is exactly the scenario anticipated by §1692K(c) and why TBSC has a complete defense to the claim.

## C. The 9th Circuit rightfully does not require collection letters to disclose that balances will increase due to accruing interest.

15 U.S.C. §1692g(a)(1) sets forth the requirements for the initial validation letter. The section applicable to this case states "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . **send the consumer a written notice containing the amount of the debt**."

§1692g(a)(1) does not state the letter must provide a definition of accruing interest or a mathematical formula describing how a balance increases when a 10% interest calculation is applied. While some jurisdictions require this nonsense, the 9th Circuit does not.  The 9th Circuit generally focuses on the important question – does the letter apprise the consumer of how much she has to pay?    In *Goodrick v. Cavalry Portfolio Servs. LLC,* 2013 U.S. Dist. LEXIS 117171, 2013 WL 4419321 (D. Ariz. Aug. 19, 2013), the Court analyzed a collection letter that only referenced an "outstanding balance" and a subsequent letter that simply stated a higher balance due to "interest or fees and other charges had accrued." (Id, p2).  The Court found the *Goodrick* validation letter sufficient and stated:

> " Here, Defendant provided the full amount due as required by the statute. This amount included interest already accrued, and even unsophisticated debtors would understand that interest would continue to accrue." [*Goodrick*,    p 7-8].

…While Defendant's letters could have included additional clarifying language to itemize the principal and the interest portions of the debt or to reiterate the interest rate, the Court does not believe that the lack of those details can be considered false, deceptive,  or misleading. <u>The statute does not require itemization of the debt in every communication, but rather a clear and accurate statement of the total amount due. Plaintiff received that information.</u>

<u>Even if the Court were to find that the lack of specificity in this case could mislead a debtor as to what portion of his total debt was principal and what portion was interest and other fees, the Court does not agree, as Plaintiff argues, that this would "frustrate a consumer's ability to intelligently choose his or her response."</u> [Emphasis added]. *Goodrick* p.9-10

In *Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109, 1119 (9th Cir. Cal. 2014), the 9th Circuit Court of Appeals found that the validation letter at issue violated the §1692e because it named the wrong creditor. However, the Court acknowledged the insignificance of misrepresenting interest by stating that:  "T]he difference between principal and interest is no more important to the Fair Debt Collection Practices Act than the color of the paper that [the creditor] used."

The 9th circuit has it right, why muddle the waters with complicated calculations of interest modifiers when all the unsophisticated consumer needs to know is how much to pay??  No offense, but the logic used by the Plaintiff's bar on interest disclosures is completely counterintuitive.  It is much more likely to confuse that assist the debtor in making an informed decision.

### D. The Law Office of Clark Garen is a not a separate entity, but the in-house legal department and division of defendant The Best Service Co., Inc.

The fact that The Law Offices of Clark Garen is in-house counsel to The Best Service Company, Inc. is clearly identified in the written communications to Plaintiff. [See Doc #1, Complaint Pg.4, L.8 – Pg. 7, L. 9].

The letters state that the lawyers in the Law Office are "Salaried Employees of The Best Service Co., Inc."; that "The Law Offices of Clark Garen is in-house legal counsel for The Best Service Co., Inc."; and the letters are signed by the "Assistant General Counsel" of "The Best Service Co., Inc". How much clearer can it be put?

If the Court follows Plaintiff's rationale, every collection call would require a written debt validation letter within five days of the initial call. Again, nonsense! Under 15 U.S.C. §1692g(a), the Debt Collection Agency must send the initial validation letter "one time". Any subsequent contact by individual collectors, including in-house counsel, is covered by that initial validation letter.

### E. <u>Local Rule 23-3 requires the timely filing of the motion for class certification</u>

Central District Local Rule 23-3 States:

> Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et

seq., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court.

The Complaint was first served on May 9, 2016, and the deadline to file the certification motion expired on August 8, 2016.  There was no Court order in effect otherwise excusing this deadline and on that basis, the motion to extend should be denied.

## F. FRCP RULE 6(b)(1) requires a showing of good cause to extend time for class certification

In his moving papers, Plaintiff cites FRCP Rule 6(b)(1) to support his request for an extension of time. However Plaintiff offers no facts to show good cause why the motion was delayed and couldn't have been brought in a timely manner. Plaintiff states that discovery is outstanding, but that is because it was not served until July 14, 2016. There is no allegation that Defendant's have caused any delay in responding to discovery. As discussed above, the issues are not complicated and Plaintiff has been in possession of enough relevant facts to file the motion, or better yet – to abandon the motion.

As stated above, the allegations of the Complaint are not complicated and all of the reasons justifying, or not justifying, class certification were in Plaintiff's possession at the time this case was filed, to wit: the validation letter, the interest disclosure, and the Law Office disclosures. Plaintiff has not justified any delay, or

good cause to allow a extension of time to certify the class and his request should

be denied.

## III.    CONCLUSION

Based upon foregoing, Plaintiff's Motion For Extension of Class Certification

Deadline should be denied.

Dated: August 18, 2016                    LAW OFFICES OF CLARK GAREN


_____/s/_Kevin Kump_____

By:  Kevin Kump

Attorneys for Defendants

DEFENDANTS' OPPOSITION TO MOTION FOR EXTENSION OF CLASS CERTIFICATION

CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is 6700 S. Centinela Ave., 3rd. Floor, Culver City, CA 90230.

On August 19, 2016, I served a true copy of:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF CLASS CERTIFICATION DEADLINE**

on the below interested parties in this action by use of the Court's CM/ECF Electronic Filing System and by email.

Mr. Ryan Lee, Law Offices of Ryan Lee, PLLC, 400 Continental Blvd., 6th Floor El Segundo, CA 90245, ryan@ryanleepllc.com, *ATTORNEY TO BE NOTICED*

Jesse S. Johnson, Greenwald Davidson Radbil PLLC, 5550 Glades Rd., Suite 500 Boca Raton, FL 33431, jjohnson@gdrlawfirm.com, *ATTORNEY TO BE NOTICED*

Daniel Guinn Shay, Law Office of Daniel G. Shay, 409 Camino Del Rio South, Suite 101B San Diego, CA 92108, Email: DanielShay@TCPAFDCPA.com, *ATTORNEY TO BE NOTICED*

I caused the documents listed above to be filed electronically using the Court's Electronic Filing System which constitutes service, and served by email, upon the counsel on the service list.

I declare under penalty of perjury under the laws of the United States of America that I am a member of the Bar of this Court and that the foregoing is true and correct.

Dated: August 19, 2016

s/ Kevin Kump_____

Kevin Kump